IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMIE C.,[1]

          Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

No. 6:22-cv-00699-JR

OPINION & ORDER

RUSSO, Magistrate Judge:

      Plaintiff Tammie C. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II Disability Insurance Benefits under the Social Security Act ("the Act"). All parties have consented to allow a Magistrate Judge to enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). ECF No. 21. For the reasons set forth

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

below, the Commissioner's decision is reversed, and this case is remanded for further proceedings.

## PROCEDURAL BACKGROUND

Born in June 1961, plaintiff alleges disability beginning August 20, 2017, due to degenerative disc disease, bulging discs, COPD, and arthritis in her back and neck. Tr. 13, 176, 206. Her application was denied initially and upon reconsideration. Tr. 80, 81. On May 17, 2021, plaintiff appeared at an administrative hearing before Administrative Law Judge ("ALJ") Mark Triplett. Tr. 37-69. On June 11, 2021, the ALJ issued a decision finding plaintiff not disabled. Tr. 10-29. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15. At step two, the ALJ determined the following impairments were medically determinable and severe: "degenerative disk [*sic*] disease and chronic obstructive pulmonary disease." *Id.* At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 16.

Because she did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> [She] can frequently climb ramps and stairs, but occasionally climb ladders, ropes, and scaffolds. [She] can occasionally balance, stoop, kneel, crouch, and crawl. [She] can tolerate no exposure to atmospheric conditions as defined in selected characteristics of occupations.

2 – OPINION & ORDER

Tr. 17.

At step four, the ALJ determined plaintiff could perform past relevant work as a "vault cashier, supervisor cashier and checker, customer service clerk, and cashier/check." Tr. 24. The ALJ therefore did not proceed to step five, and found plaintiff was not disabled under the Act between August 20, 2017 and the date of his decision.

## DISCUSSION

Plaintiff argues the ALJ erred by discrediting her subjective symptom statements without clear and convincing reasons for doing so.

**I.     Symptom Testimony**

Plaintiff contends the ALJ erred by discrediting her testimony that her low back pain limited her ability to sit and stand for an eight-hour workday. Pl.'s Br., ECF No. 15 at 9. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of ... symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). In other words, the "clear and convincing" standard requires an ALJ to "show [their] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Thus, in formulating the RFC, the ALJ is not tasked with "examining an individual's character" or propensity for truthfulness, and instead assesses whether the claimant's subjective symptom statements are consistent with the record as a whole. SSR 16-3p, *available at* 2017 WL 5180304. If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted). The question is not whether the ALJ's rationale convinces the court, but whether the ALJ's rationale "is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499

Relevant to plaintiff's allegation of error, she testified at the hearing about significant back pain. For example, plaintiff shared that her job bagging groceries at Safeway had ended because her "pain level was nine and ten all the time" and that "[w]ithin an hour, [she] would be in excruciating pain and [she] would be hanging on to the counters just to make sure [she] stayed on [her] feet." Tr. 47. At times, she would have to go home early because of the pain, or miss work entirely because she was "in so much pain that [she] couldn't go in." Tr. 47. With the pain, plaintiff added that she "can't stand stationary but for maybe like a minute" before needing to "rock back and forth" for relief and can only sit for "10 to 15 minutes" in a chair. Tr. 48. After sitting, plaintiff testified she "cannot stand upright for a little bit," is "hanging on to the table or chairs" until her back relaxes, and that the pain "stays with [her] for the next couple of hours." Tr. 48. Plaintiff elaborated that she does not think she could make it through an eight-hour work day combining sitting and standing due to the pain. Tr. 49. Although she can do chores around the house, it is only for 5, 10, or 15-minute increments before needing to sit down. Tr. 49. Her back pain limits her to "three, maybe four" hours of sleep a night. Tr. 52. As a result, she is "always tired" during the day. Tr. 53.

4 – OPINION & ORDER

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and did not identify evidence of malingering. Tr. 18. However, the ALJ concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 18. Specifically, the ALJ found plaintiff's symptom allegations were inconsistent with objective medical evidence, and that plaintiff's daily activities conflicted with her symptom allegations. Tr. 19.[2]

The objective medical evidence the ALJ cited may have been sufficient to discount plaintiff's testimony, but because the ALJ did not state his reasons with sufficient specificity, the Court remands to the ALJ for further consideration on the issue. When discounting symptom testimony, an ALJ's decision "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (citation and internal quotation marks omitted). In this context, that means an ALJ must "identify the testimony she found not credible," and "link that testimony to the particular parts of the record supporting her non-credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). When considering plaintiff's testimony, the ALJ failed to meaningfully connect the dots. The written decision recounts much of plaintiff's

---

[2] Defendant adds the following impermissible *post hoc* rationalizations considered by the ALJ: the "effectiveness of Plaintiff's treatment," "Plaintiff's course of treatment and the steps she took to manage her pain," and "Plaintiff's reported activities." Def. Br., ECF No. 17 at 8-10. The ALJ provided a high-level summary of plaintiff's daily activities and medical care but did not make the inference defendant offers in his brief: that this evidence in any way undermines plaintiff's testimony about her back pain. *See* Tr. 23. Because the Court is constrained to review "the reasons the ALJ asserts," *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), instead of defendant's attempts to bolster the ALJ after the fact, the Court does not consider these arguments.

testimony and thoroughly summarizes the medical record, but glaringly fails to provide any analysis regarding how the cited medical records undermine plaintiff's testimony. *See* Tr. 18-22. This does not fulfill the Ninth Circuit's expectation that an ALJ identify which of plaintiff's statements or testimony is supposedly undermined by the record, and specifically what parts of the record undermine it. *Brown-Hunter*, 806 F.3d at 494. In fact, much of the medical record the ALJ summarizes appears to support plaintiff's allegations of debilitating back pain, and her inability to work a full 8-hour day as a result. *See, e.g.,* Tr. 18-22 (reflecting plaintiff's consistent reports of pain, and testing showing back issues). It is not clear how the ALJ's cited medical records conflict with testimony such as, for example, plaintiff's inability to stand still for over a minute, or remain seated for longer than 10-15 minutes. Tr. 47-48. Plaintiff's testimony that she does not think she could withstand an eight-hour workday even combining sitting and standing, tr. 49, also seem to fit with some of the medical records the ALJ cites. *See, e.g.,* Tr. 22 (noting plaintiff's "difficulty standing for more than five minutes."). That leaves this Court to surmise which "testimony [the ALJ] found not credible" and what "particular parts of the record supporting h[is] non-credibility determination." *Brown-Hunter*, 806 F.3d at 494. Failure to provide such clear analysis is error, the Court therefore finds the ALJ failed to give a sufficiently clear and convincing reason for discounting plaintiff's symptom testimony. On remand, the ALJ must be more explicit about what testimony is being discounted and why.

## II.     Remedy

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1176-78 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative

proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1090-1100 (9th Cir. 2014). The court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

      The ALJ committed harmful error by failing to provide specific, clear, and convincing reasons to reject plaintiff's subjective symptom testimony. After reviewing the record, however, conflicts and ambiguities remain between plaintiff's testimony and aspects of the medical record suggesting plaintiff's back pain may not be as limiting as she alleges. *See, e.g.,* Tr. 340, 346, 359 (plaintiff denying referrals to pain management), Tr. 338, 341 (reflecting full muscle strength, normal gait, normal reflexes, and normal musculoskeletal range of motion), Def. Br. at 8 (noting plaintiff "sought no medical treatment in 2018"); s*ee also Treichler*, 775 F.3d at 1099 (except in "rare circumstances," the proper remedy upon a finding of harmful error is to remand for further administrative proceedings). The Court therefore remands for further proceedings allowing the ALJ to adequately evaluate plaintiff's testimony, reformulate the RFC if necessary, and seek further VE testimony at step five, if necessary.

## CONCLUSION

For the reasons given above, the Commissioner's decision is reversed and remanded for further proceedings.

    IT IS SO ORDERED.

    DATED: April 11, 2024

                                         /s/ Jolie A. Russo
                                        Jolie A. Russo
                                        United States Magistrate Judge